## RECOVERY OF PROPERTY FRAUDULENTLY CONVEYED.

Common Pleas Court of Richland County.

B. F. LONG, TRUSTEE, v. A. W. GUMP ET AL.

Decided, January Term, 1907.

*Bankruptcy—Property and Good Will Recovered by Trustee—Where Conveyed to Another Corporation Composed of Practically the Same Stockholders.*

An action will lie by a trustee in bankruptcy for recovery of tangible property and good will of the bankrupt corporation conveyed to another company made up of practically the same stockholders.

*Bruckner & Cummins*, for plaintiff.

*Kerr & La Dow* and *B. F. King*, contra.

WICKHAM, J.

The petition in this case alleges that A. W. Gump, Henry A. Sheets and Frank L. Smith, who were officers and stockholders of the Sheets Printing & Manufacturing Company, of Shelby, Ohio, entered into a conspiracy to transfer to another corporation, for their benefit, a large amount of the tangible property belonging to the company; and also it is alleged that they organized a new corporation called the Sales Book Company, of which they were the principal stockholders, and caused the transfer of the property of the Sheets Printing & Manufacturing Company to the Sales Book Company, and caused to be appropriated to the Sales Book Company the good will and business of the Sheets Printing & Manufacturing Company, by reason of which it was damaged in the sum of $20,000, for which judgment is prayed in the petition.

After the wrecking of the Sheets Printing & Manufacturing Company by these defendants, the company was adjudged a bankrupt, and this action is brought by Long, the trustee, to recover from the defendants this sum of $20,000 for the benefit of the bankrupt and its creditors. A demurrer is filed to this petition by A. W. Gump, and the cause is submitted to the court on that demurrer.

It is claimed for the demurrer that the cause of action set forth in the petition is not one which passed to the trustee in bankruptcy, and one of the grounds of the demurrer is, that the

plaintiff has no legal capacity to sue; and, further, that the petition does not state facts sufficient to constitute a cause of action.

Is the right of action described in the petition one which passes to a trustee in bankruptcy? Section 70, Subd. 5, 30 Stat. at L., 566, which describes property that passes to the trustee in bankruptcy, reads:

"Property which prior to the filing of the petition he could by any means have transferred, or which might have been levied upon or sold under judicial process against him."

And Subd. 6:

"Rights of action arising upon contracts or from the unlawful taking or detention of, or injury to, his property."

Assuming the facts of the petition to be true for the purpose of the demurrer, the corporation had a right of action against the defendants for the tort committed by them in the appropriation of the company's property to the new company, and the loss sustained by the bankrupt company by reason of the things done by the defendants in carrying out their conspiracy, and could have maintained an action against them for damages.

This right or chose in action is of that class which survives, and is therefore assignable. Section 4975, Revised Statutes, provides:

"In addition to the causes of action which survive at common law, causes of action for mesne profits, or for injuries to the person or property, or for deceit or fraud, shall also survive; and the action may be brought notwithstanding the death of the person entitled or liable to the same."

Being an action that would survive the death of a natural person, it would be assignable (*Cincinnati* v. *Hafer,* 49 Ohio St., 60). And being a right of action for the injury to property that could be assigned, it would pass to the trustee in bankruptcy. *In re Burnstine,* 131 Fed. Rep., 828.

Counsel for the demurrer cite authorities which hold that a right of action to enforce the statutory liability of stockholders does not pass to a trustee in bankruptcy, but we think that those cases are not analogous to the case at bar. The right of action to enforce the stockholders' liability belongs to the creditors and not to the corporation itself. As we have seen in the case at bar the chose in action is one which belonged to the bank-

rupt corporation. It is assets of the company, and, according to the facts of the petition, much the greater asset of the bankrupt. Demurrer overruled.